FILED
2010 May-21  AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAXINE FURS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-cv-01524-RDP |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF MAXINE FURS, INC.'S RESPONSE TO DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, Maxine Furs, Inc. (hereinafter referred to as the "Plaintiff" or "Maxine Furs"), by and through its undersigned counsel of record, and, hereby submits this Response to Defendant Auto-Owner's Motion for Summary Judgment. In support thereof, the Plaintiff states and shows as follows:

### MAXINE FURS' RESPONSE TO AUTO-OWNER'S STATEMENT OF UNDISPUTED FACTS

1. *Response to Auto-Owners' Paragraph 1*: Not disputed.

2. *Response to Auto-Owners' Paragraph 2*: Not disputed.

3. *Response to Auto-Owners' Paragraph 3*: Not disputed.

4. *Response to Auto-Owners' Paragraph 4*: Not disputed.

5. *Response to Auto-Owners' Paragraph 5*: Not disputed.

6.  *Response to Auto-Owners' Paragraph 6*: Not disputed.

## ARGUMENT AT LAW

Maxine Furs hereby offers this Argument at Law in support of its Response to Auto-Owners' Motion for Summary Judgment.

In its Motion for Summary Judgment, Auto-Owners states that the Alabama Supreme Court in <u>Federated Mut. Ins. Co. v. Abston Petroleum, Inc.</u>, 967 So.2d. 705 (Ala. 2007) concluded that the exclusion pollution at issue in that case, almost identical to the one at issue in this case, was unambiguous. Argument in Support of Defendant's Motion for Summary Judgment, p. 4. While such a statement, in a very limited sense, is correct, it also misses the much larger point made by the Alabama Supreme Court: The determination of the applicability of a pollution exclusion clause turns on the particular facts of a case.

Substances, per se, depending upon the facts of a case, *might* be considered a "pollutant," but under another fact scenario might not. In fact, <u>Abston</u>, is a great example of this concept. There, as pointed out by Auto-Owners, while gasoline is a substance used by most people on a daily basis, and thus not a "pollutant" in its ordinary use, it was a "pollutant" under the facts of <u>Abston</u> where it leaked into the soil or when fumes from such a leak were so dangerous that a business might be closed. <u>Abston</u>, 967 So.2d. at 713; Argument in Support of Defendant's Motion for Summary Judgment, p. 5.

The question for this Court is where does one draw the line? Auto-Owners admits that curry, as a food spice, "has a proper place and usage." Argument in Support of Defendant's Motion for Summary Judgment, p. 5. After all, it was being added to food and served to customers in a restaurant. So, in that sense, people encounter such food spices on a daily basis. When there is a substance that is encountered and used so frequently, what should a court consider in determining whether it is a "pollutant" under an insurance policy?

The case of Donaldson v. Urban Land Interests, Inc., 564 N.W.2d 728 (Wis. 1997) provides such an answer:

> The reach of the pollution exclusion clause must be circumscribed by reasonableness, lest the contractual promise of coverage be reduced to a dead letter. As the *Pipefitters* court further explained:
>
>> [C]ourts have taken a **common sense approach** when determining the scope of pollution exclusion clauses.... The bond that links these cases is plain. All involve injuries resulting from **everyday activities gone slightly, but not surprisingly, awry**. There is nothing unusual about paint peeling off of a wall, asbestos particles escaping during the installation or removal of insulation, or paint drifting off the mark during a spraypainting job. A reasonable policyholder, these courts apparently believed, **would not characterize such routine incidents as pollution**.

564 N.W.2d at 732 (emphasis added; citations omitted).

This "common sense" approach was followed in Nat'l Fire Ins. Co. of Hartford v. Martinelli, No. 07-CV-01056-AWI-GSA (E.D. Cal. July 11, 2008).

While a "'pollutant,' 'irritant' or 'contaminant' is considered an impurity, something objectionable and unwanted, [ ] the interpretation of the terms must be read as including only those substances that *are commonly thought of as pollution*, i.e. **environmental pollution**, not every possible 'pollutant,' 'irritant' or contaminant' imaginable." (Emphasis added). In other words, common sense directs that traditional environmental pollution is what one would normally think of as "pollution" in an insurance policy. When an average person purchases an insurance policy, he or she would consider the "pollution exclusion" to encompass traditional environmental harm; certainly not normal, everyday substances.

Following this line of logic, the court in MacKinnon v. Truck Ins. Exchange, 73 P.3d 1205 (Cal. 2003), said, "[T]he interpretation of the exclusionary language must not lead to 'absurd results,' ignore 'familiar connotations of the words used in the exclusion,' or be out of line with 'the interpretation that the ordinary layperson would adopt.'" Again, would an average person think of food spice aromas as a "pollutant"? Certainly not, and as such the pollution exclusion is not applicable in this case.

Maxine Furs asserts that under the definitions set forth in the Policy, the Indian food spice aroma was not a pollutant. The definitions simply are not met. However, at the very least, the applicable Policy terms, as applied to the facts in this case, would create a tremendous ambiguity for the insured.

4

If an insurance policy is ambiguous in its language, it must be construed <u>liberally</u> in favor of the insured, and a court must interpret exceptions or exclusions to coverage as <u>narrowly</u> as possible in order to provide <u>maximum coverage</u> to the insured.  <u>Auto-Owners Ins. Co. v. Toole</u>, 947 F.Supp. 1557, 1561 (M.D. Ala. 1996) (citation omitted).

Here, it is clear that, at a minimum, a reasonably prudent person would never have thought that food spice aromas would be considered a "pollutant." It is unmistakable that, at the very least, a reasonable person could arrive at more than one interpretation of the applicable policy terms.  As such, this Court should construe the pollution exclusion <u>liberally</u> in Maxine Furs' favor, and interpret the pollution exclusion as <u>narrowly</u> as possible in order to afford Maxine Furs <u>maximum coverage</u>.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court deny Auto-Owners' Motion for Summary Judgment, and grant Maxine Furs's Motion for Summary Judgment.

Respectfully submitted,

<u>/s/ Hubert G. Taylor</u>
Hubert G. Taylor
Attorney for Maxine Furs, Inc.

5

OF COUNSEL:
Leitman, Siegal, Payne & Campbell, P.C.
600 North 20th Street, Suite 400
Birmingham, Alabama 35203
(205) 251-5900 – Phone
(205) 323-2197 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those listed below, and a copy of the foregoing was mailed to the following via U.S. Mail, first class, postage prepaid:

>Warren Burke, Jr.
>Klasing and Williamson, P.C.
>1601 Providence Park
>Birmingham, Alabama 35244

/s/ Hubert G. Taylor